# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE O'CONNELL,<br><br>    Plaintiff<br><br>    V.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE CO., THE PRICEWATERHOUSECOOPERS LLP LONG TERM DISABILITY INSURANCE PLAN, AND PRICEWATERHOUSECOOPERS LLP<br><br>    Defendants | CIVIL ACTION NO. |

## **COMPLAINT**

1.  Plaintiff, Diane O'Connell ("Ms. O'Connell"), brings this action against the Defendants, The Hartford Life and Accident Insurance Co. ("The Hartford"), the PricewaterhouseCoopers, LLP Long Term Disability Insurance Plan ("Plan") and PricewaterhouseCoopers, LLP for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq*. ("ERISA").

2.  Ms. O'Connell is filing this action to: 1) recover long-term disability ("LTD") benefits due to her under her employer's LTD Plan; 2) enforce the present rights existing under the LTD Plan; 3) clarify rights under the terms of the LTD Plan; and 4) recover damages, twelve percent interest on her past due benefits, costs and attorney's fees.

3.  Ms. O'Connell challenges the Defendants': 1) unreasonable and unlawful termination of Ms. O'Connell's LTD benefits despite the substantial medical and vocational evidence

demonstrating Ms. O'Connell's qualification for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Ms. O'Connell's disability in an effort to limit Defendants' financial exposure for Ms. O'Connell's claims; 3) failure to provide Ms. O'Connell with a full and fair review of her claims for LTD benefits; and 4) failure to provide a reasonable claims procedure that would yield a reasonable decision on the merits of Ms. O'Connell's LTD claim.

## PARTIES

4.   Ms. O'Connell is a resident of Brooklyn, New York. Ms. O'Connell is a vested participant in Defendants' employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7). Ms. O'Connell has standing to bring this action under 29 U.S.C. § 1132(a).

5.   The Defendant, The Hartford, is a for-profit corporation with its principal place of business in Hartford, Connecticut. The Hartford transacts business in Massachusetts, has offices in Massachusetts, and administers the Plans under which Ms. O'Connell is suing.

6.   The Defendant, PricewaterhouseCoopers, LLP Long Term Disability Insurance Plan, is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1).

7.   The Defendant, PricewaterhouseCoopers, LLP, is the plan administrator of the Plan.

8.   At all times, relevant to the claims asserted in this Complaint, Defendants purported to act as ERISA claims fiduciaries with respect to participants of the Plan generally, and specifically with respect to Ms. O'Connell, within the meaning of ERISA.

## STATEMENT OF FACTS

**Relevant Plan Terms.**

9.      As an employee of PricewaterhouseCoopers, LLP, Ms. O'Connell was eligible for LTD

benefits under a contract of insurance with The Hartford.

10.     The LTD Plan provision defining disability states that:

> Disability or Disabled means that during the Elimination Period and for
> the next 60 months You are prevented by:
>     1.  accidental bodily injury;
>     2.  sickness;
>     3.  Mental Illness;
>     4.  Substance Abuse; or
>     5.  pregnancy.
> from performing one or more of the Essential Duties of Your
> Occupation, and as a result Your Current Monthly Earnings are no more
> than 80% of Your Indexed Pre-disability Earnings. After that, You must
> be so prevented from performing one or more of the Essential Duties of
> Any Occupation.
>
> Your failure to pass a physical examination required to maintain a
> license to perform the duties of Your Occupation does not alone mean
> that You are Disabled.

11.     The Plan does not have any administrative processes and safeguards (as those terms are

used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent

decision making under the LTD Plan.

12.     Ms. O'Connell has met her burden of proving that she meets the Plan standard for disability

and is therefore eligible for LTD benefits under the terms of the LTD Plan.

**Ms. O'Connell's Claim for LTD Benefits.**

13.     Ms. O'Connell's last day working as a Director at PricewaterhouseCoopers, LLP was

December 23, 2018.

14. Ms. O'Connell ceased working because her medical condition resulted in symptoms that functionally limited her ability to perform on a full - or part-time basis, the duties of her own or any occupation.

15. Ms. O'Connell applied for and was granted short-term disability ("STD") benefits from The Hartford.

16. Ms. O'Connell received STD benefits for six months from The Hartford and PricewaterhouseCoopers, LLP.

17. While her STD claim was pending, Ms. O'Connell applied for long-term disability ("LTD") benefits from The Hartford.

18. On June 28, 2019, The Hartford approved Ms. O'Connell's claim for LTD benefits.

19. As a result of the approval of Ms. O'Connell's LTD benefits, PricewaterhouseCoopers, LLP continued her employment with the firm, maintaining her employee benefits, such as health and dental insurance coverage.

20. On December 12, 2019, The Hartford wrote Ms. O'Connell terminating her claim for LTD benefits.

21. On May 15, 2020, Ms. O'Connell finalized her appeal of The Hartford's decision to terminate her LTD benefits. In support of her appeal, Ms. O'Connell submitted documents including an independent vocational report, an independent medical examination report, statements from her treating providers medical records, and a personal affidavit supporting her ongoing functional limitations due to her illness.

22. On October 16, 2020, The Hartford wrote counsel for Ms. O'Connell that it was upholding its decision to terminate her benefits.

23.   The Hartford's assertion that Ms. O'Connell was no longer disabled was unreasonable and unsupported by the substantial evidence in The Hartford's possession.

24.   The Hartford did not perform a complete vocational assessment prior to terminating Ms. O'Connell's benefits or on appeal.

25.   The Hartford's financial conflict of interest is evident in its failure to conduct a full and fair review of Ms. O'Connell's claim, and its refusal to evaluate the substantial evidence supporting Ms. O'Connell's claim for benefits.

26.   The Hartford's assertion that Ms. O'Connell was not disabled was unreasonable and unsupported by the substantial evidence in The Hartford's possession.

**Summary of Defendants' Review of Ms. O'Connell's Claim.**

27.   Ms. O'Connell has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

28.   Ms. O'Connell's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

29.   The Defendants and their reviewers arbitrarily dismissed Ms. O'Connell's symptoms and functional limitations when they determined that Ms. O'Connell was not disabled under the terms of the LTD Plan.

30.   Defendants failed to address or evaluate the clinical findings of Ms. O'Connell's treating and evaluating physicians regarding Ms. O'Connell's symptoms, restrictions, functional limitations and disability when evaluating Ms. O'Connell's claim for benefits.

31.   The Defendants failed to meet the minimum requirements for the termination of Ms. O'Connell's LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a termination of benefits, the administrative review procedure must include adequate

notice in writing setting forth the specific reasons for the termination of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision terminating the claim.

32.   The Defendants failed to meet the LTD Plan requirements for review of claims that have been terminated.

33.   The Defendants failed to provide Ms. O'Connell with a full and fair review of her claim for LTD benefits.

34.   The Defendants failed to respond to Ms. O'Connell's attempts to engage in a meaningful dialogue regarding the evaluation of her LTD claim.

35.   Any discretion to which the Defendants may claim they are entitled under the terms of the LTD Plan is negated by their failure to provide Ms. O'Connell with an explanation as to its adverse action as proscribed by ERISA and its implementing regulations.

36.   Defendants failed to meet the notice requirements required by ERISA's implementing regulations. In particular, Defendants' adverse determination letters failed to articulate the basis for the decision to terminate benefits, failed to contain a full discussion of why Ms. O'Connell's claim was terminated, and failed to detail the standards behind the decision.

37.   The decision to terminate Ms. O'Connell's LTD benefits was self-serving, wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the LTD Plan, and contrary to law.

38.   The Hartford was influenced by its financial conflict of interest, as both the administrator of the LTD Plan, and the payer of benefits thereunder, when it terminated Ms. O'Connell's LTD benefits and failed to provide her with the full and fair review of her claim as required by law.

39. Due to the unlawful termination of benefits under ERISA, Ms. O'Connell has lost her rightful LTD benefits. She has also suffered emotional distress as a result of the Defendants' actions.

40. Due to the unlawful termination of benefits under ERISA, Ms. O'Connell has also lost the use of her LTD benefits.

41. Ms. O'Connell is entitled to restitution for the loss of her benefits at the Massachusetts statutory 12% interest rate.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

42. Ms. O'Connell realleges each of the paragraphs above as if fully set forth herein.

43. The Plan is a contract.

44. Ms. O'Connell has performed all her obligations under the contract.

45. 29 U.S.C. § 1132(a) states that:

(a) A civil action may be brought ---

1.      by a participant or beneficiary –

A.  for the relief provided for in subsection (c) of this section, or

B.  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

46. The Defendants' actions constitute an unlawful termination of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

47. The Defendants unlawfully terminated Ms. O'Connell's benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Ms. O'Connell's claim for LTD

benefits; and (2) denying Ms. O'Connell a full and fair review of their decision to terminate her benefits.

48.   In accordance with 29 U.S.C. §1132, Ms. O'Connell is entitled to LTD benefits under the Plan based upon her disabled status from December 23, 2018 such time that she was able to return to work.

49.   The Defendants have refused to provide Ms. O'Connell with her LTD benefits and are, therefore, in breach of the terms of the LTD Plans and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the LTD Plan in the best interests of the participants of each Plan.

50.   As a direct and proximate result of this breach, Ms. O'Connell has lost the principal and the use of her rightful disability benefits.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

51.   Ms. O'Connell realleges each of the paragraphs above as if fully set forth herein.

52.   Under the standards applicable to ERISA, Ms. O'Connell deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

53.   Defendants have the ability to satisfy the award.

54.   Ms. O'Connell's conduct of this action is in the interests of all participants who subscribe to the LTD Plan, and the relief granted hereunder will benefit all such participants.

55.   The Defendants have acted in bad faith in terminating Ms. O'Connell's disability benefits under the LTD Plan.

56.     The award of attorney's fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1)     Declare, adjudge and decree that Ms. O'Connell is entitled to disability benefits as calculated under the terms of the LTD Plan;

(2)     Award Ms. O'Connell disability benefits and 12% interest from the dates of the Defendants' breaches of contract;

(3)     Order that the Defendants make restitution to Ms. O'Connell in the amount of all losses sustained by Ms. O'Connell as a result of the wrongful conduct alleged herein, together with 12% prejudgment interest;

(4)     Award Ms. O'Connell the costs of this action and reasonable attorneys' fees; and

(5)     Award such other relief as the court deems just and reasonable.


Date:  April 8, 2021                                    Respectfully submitted for the Plaintiff,


                                        By:     /s/ Mala M. Rafik
                                                Mala M. Rafik
                                                BBO No. 638075
                                                ROSENFELD & RAFIK P.C.
                                                184 High Street, Suite 503
                                                Boston, MA 02110
                                                T: 617-723-7470, ext. 205
                                                F: 617-227-2843
                                                E: mmr@rosenfeld.com